IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:23-cv-86-ECM |
| ) | (wo) |
| WEXFORD HEALTH SOURCES, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on a motion to set aside service on Tahir Siddiq ("Siddiq")(doc. 9) and a motion to set aside service on Corenta Scoggins ("Scoggins")(doc. 10).

In their motions, Defendants Siddiq and Scoggins present evidence that they were served with process by certified mail at the Bullock County Correctional Facility. They argue that such service is improper and due to be set aside because they were not personally served and because Scoggins no longer is employed at the facility. Plaintiff Marcus Washington ("Washington") responds that service was directed in good faith to the attention of the individuals. Washington maintains, nonetheless, that the person who signed for service on behalf of the individuals was authorized to accept service, without citing any evidence in support of that statement. Alternatively, Washington asks for leave to serve the individuals at their last known home addresses. (Doc. 23 at 2).

Under the *Federal Rules of Civil Procedure*, service of process on an individual defendant can generally be completed in one of three ways: (1) delivering a copy of the summons and of the complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(e)(2). None of these forms of service were satisfied here. However, Rule 4(e)(1) permits a plaintiff to use any method of service allowed in the state where the district court is located. FED. R. CIV. P. 4(e)(1). Under Alabama law, a plaintiff may effectuate service by certified mail. *See Parks v. Quality Serv. Integrity*, 2015 WL 6872498, at *3 (M.D. Ala. 2015).

In evaluating propriety of service by certified mail, the Alabama Supreme Court has held that where "there is no evidence in the record establishing the identity of [the signer] or indicating that he or she was an agent of [the defendant] within the meaning of [Alabama] Rule 4(i)(2)(C), [the plaintiff] has failed to meet his burden." *McDermott v. Tabb*, 32 So. 3d 1, 4 (Ala. 2009); *see also Johnson v. Champions*, 2013 WL 275957, at *1 (S.D. Ala. 2013)(concluding under Alabama law that where there was no evidence that the person signing for process was the defendant's agent, plaintiffs failed to demonstrate proper service of process under Alabama Rule 4(e)(1)).

In this case, there is no evidence that the person who signed for the mail was an agent of either individual defendant. Therefore, the Court concludes that service was improper.

2

Under Rule 4(m), this Court must extend the time period for service upon a showing of good cause. FED. R. CIV. P. 4(m).  "Absent a showing of good cause, the district court has the discretion to extend the time for service of process." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007).  In this case, even if the above circumstances do not constitute good cause, considering the relevant factors, the Court finds it appropriate to exercise discretion to grant an extension of time for service.

Accordingly, it is hereby ORDERED as follows:

1. The motion to set aside service on Tahir Siddiq (doc. 9) and the motion to set aside service on Corenta Scoggins (doc. 10) are GRANTED.

2. The Plaintiff is given until **May 31, 2023** to properly serve Defendants Tahir Siddiq and Corenta Scoggins.

Done this 31st day of March, 2023.

      /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE